THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES H. HAIGHT AND OTHERS, RESPONDENTS, *v.* THE VILLAGE OF PEEKSKILL, APPELLANT.

*Power of a board of village trustees to provide for the payment of claims against the village* — 1883, *chaps.* 113, 117.

In March, 1885, the relator applied to the trustees of the village of Peekskill to have inserted in their annual tax levy a claim for damages arising from the alteration of the grade of a street in the village, which had been assessed by the commissioners, appointed under chapter 113 of 1883, and confirmed upon appeal to the General Term. The trustees having refused his application an order directing that a *mandamus* issue to compel them to comply therewith was granted:

*Held*, that this was proper.

That power to insert the amount of the claim in the tax levy was conferred by chapter 113 of 1883, or if that act should be held to be repealed as regarded the village of Peekskill, by chapter 117 of 1883, the village charter, then such power was conferred by section 2 of title 9 of the latter act.

APPEAL to General Term from an order dated April 4, 1885, made at Special Term at White Plains, before Mr. Justice DYKMAN, on an application of the relators, directing a *mandamus* to issue,

directing the trustees of the village to insert in their next annual tax-list and warrant the sum of $1,033.63, and interest, awarded to the relators by commissioners as damages for alteration of grade of Howard street in said village, and the further sum of seventy-seven dollars and ten cents, costs and interest.

*Edward Wells*, for the appellant.

*Travis & Smith*, for the respondents.

Pʀᴀᴛᴛ, J. :

In the year 1883 commissioners were appointed to assess damages for the relator and others arising from the alteration of the grade of a street in the village of Peekskill, under the provisions of chapter 113, Laws of 1883. The commissioners afterwards made their report by which they assessed such damages at $650. This report was duly confirmed and costs were adjudged at the sum of $388; an appeal was taken from that order to the General Term and it was afterwards affirmed.

In March, 1885, the application was made to the trustees of the village, to put this claim in their annual tax levy, which they refused to do. This is an appeal from an order granting a *mandamus* directing the trustees to put the same in their next tax levy. No question seems to be raised but that *mandamus* was a proper remedy, but it is claimed that the trustees had no power under the charter of the village to do the act required. In this case the claim which the trustees were required to put in the tax levy has been reduced to a judgment. It seems to be conceded that there is no way by which it can be paid, unless it is done by levy and collection of taxes for that purpose, there being no public property liable to levy and sale under the judgment. We think the act of 1883 under which the relator claims makes damages and costs for improvements a charge upon the village, and therefore imposes a duty to pay. Section 3 is as follows : "All damages ascertained and determined under the provisions of this act, together with the cost of such proceedings, shall be charged upon the village, town or other municipality chargeable with the maintainance of the street, highway or bridge so altered or changed." It is the general rule of law that whenever a charge is made against a municipal corporation by law, it carries with it an

implied power to pay, and as a tax is the only way it can pay it must levy a tax for that purpose. This principle appears decisive of this case. If the act passed March 16, 1883, chapter 113, stood alone no question could be made as to the propriety of granting this *mandamus*. It is claimed on behalf of the defendant that the village charter of Peekskill, which was passed on the 19th of March, 1883, chapter 117 had the effect to repeal chapter 113, and to deprive the trustees of the village of an implied power of raising the money by a levy of a tax except for the purpose specifically described in that charter. We do not deem it necessary to decide this question. The claim of the relator having passed into a judgment he has the common-law right to have it paid. It is the duty of the village to pay it, and having no property upon which a levy can be made there is no other method by which it can be paid except by having an amount inserted in the tax levy sufficient for that purpose.

The claim having passed into a judgment, it does not lie with the trustees of the village to claim that these damages were not properly assessed or that they were incurred without authority of law or not in accordance with the charter. Assuming, however, that chapter 113 of the Act of 1883 was repealed, we think the trustees have ample power to levy the tax required under section 2 of title 9 of the charter (chap. 117 of 1883), without submitting the same to a vote of the inhabitants of the corporation.

By that section damages occasioned or assessed for laying out or opening streets, alleys or highways or altering or widening the same, can be levied and collected without such vote. Such damages are excepted from the subjects for which a tax cannot be levied without being authorized by a vote of the inhabitants.

These damages that were assessed for altering the highway clearly come within the exception contained in the section referred to. We have examined the various objections raised by the counsel for the trustees and see no valid reason for reversing the order.

Order affirmed, with costs.

Barnard, P. J., concurred; Dykman, J., not sitting.

Order granting *mandamus* affirmed, with costs.